UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BARBARA SCHETTINO, as Administratrix of the
Estate of THOMAS DEVOE, deceased

                        Plaintiff,

       -against-

THE CITY OF NEW YORK, JANE DOE" 1 and
"JOHN DOE" 1-10, the names being fictitious and
the actual names presently unknown,

                        Defendants,
-----------------------------------------------------------------X

COMPLAINT

JURY TRIAL REQUESTED

JUDGE RAKOFF

THE ESTATE OF THOMAS DEVOE, by Barbara Schettino, Administratrix, by its attorney, the Law Offices of Matthew Flamm, alleges the following as the Complaint:

### Nature of the Action

1. This civil rights action arises from the June 2003 suicide of Thomas Devoe while a pretrial detainee in the custody of the New York City Department of Correction. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of civil rights, under 42 U.S.C. §1983.

### Jurisdiction

2. This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

### Venue

3. Under 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because defendant City of New York resides in that Judicial District.

### Parties

4. BARBARA SCHETTINO is the Administratrix of the ESTATE OF THOMAS DEVOE, having been appointed such under Limited Letters of Administration issued on December 10, 2003.

5. THOMAS DEVOE, at the time of his death on June 16, 2003, was a citizen on the United States residing in the City of New York, Richmond County.

6. On June 13, 2003, THOMAS DEVOE was a pretrial detainee in the custody of the City of New York City Department of Correction.

7. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Correction as a constituent department or agency. At all times relevant, the City of New York employed the Correction personnel involved in the incident underlying this lawsuit.

8. Defendant "JANE DOE" was at all times relevant a duty appointed New York City Correction Officer assigned to the Kings County Criminal Court located at 120 Schermerhorn Street, Brooklyn, New York. Upon information and belief, JANE DOE was assigned to monitor Mr. Devoe to prevent him from committing suicide.

9. Defendants "JOHN DOE"1-10 were at all times relevant duly appointed New York City employees, including employees of the New York City Correction Department. These defendants, among other things, had supervisory authority over defendant Jane Doe.

10. At all times relevant, the individual defendants were acting under color of state law.

11. The individual defendants were at all times relevant agents and employees acting within the scope of their employment by defendant City of New York.

## Notice of Claim

12. On or about March 9, 2004, and within ninety days after claims arose, plaintiffs filed a Notice of Claim upon defendant City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

13. The Notice of Claim was in writing, sworn to by the plaintiff, and contained the name and post office address of the plaintiff and plaintiff's attorney.

14. The Notice of Claim set out the nature of the claim, the time when, the place where and manner by which the claim arose, and the damages and injuries sustained by plaintiff.

15. The Comptroller's office assigned the claim number 2004PI006817.

16. On May 6, 2004, the City of New York conducted plaintiff's examination pursuant to General Municipal Law §50-h.

17. The City of New York has neglected and failed to adjust the claims within the statutory time period.

18. This action was commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## Facts Underlying The Claims for Relief

19. On June 13, 2003 at approximately 9:25 p.m., and while held at the Kings County Criminal Court awaiting return to Rikers Island, Thomas Devoe hanged himself.

20. On or about June 8, 2003, Mr. Devoe was arrested and, thereafter, prosecuted under Kings County Criminal Court Docket Number 2003KN034617.

21. At his arraignment on June 11, 2003, a not guilty plea was entered and Criminal Court Judge Alex Calabrese ordered the New York City Department of Correction to place Mr. Devoe on suicide watch.

22. On the morning of June 13, 2003, Mr. Devoe again appeared in Criminal Court, the suicide watch order was extended and he was returned to the custody and control of the Department of Correction.

23. Mr. Devoe hanged himself that night and, for unknown reasons and under currently unknown conditions, remained in the Kings County Criminal Court building until approximately 4:00 a.m. on June 14, 2003, when defendant City brought decedent to Long Island College Hospital in Brooklyn.

24. Mr. Devoe died on June 16, 2003 at approximately 8:00 p.m.

25. In the first six months of 2003, and because of the City's acts, omissions, policies and practices, six inmates committed suicide while in the custody of defendant City of New York. Mr. Devoe was the sixth.

26. Mr. Devoe's death was caused by the negliglect and deliberate indifference of defendant JANE DOE, to her duty to Mr. Devoe.

27. Mr. Devoe's death was caused by the failure of defendant City of New York, through its policymakers, including JOHN DOE defendants named herein, to establish and maintain adequate inmate suicide prevention policy, protocol and practice.

28. Mr. Devoe's death was caused by the failure of the City of New York, through its agencies and employees, including JOHN DOE defendants named herein, to properly instruct and supervise Correction personnel.

29. Mr. Devoe suffered, among other things, the emotional trauma associated with contemplation of and preparation for suicide, the emotional distress of knowing that he was taking his own life, the physical injuries

associated with the act of suicide, conscious pain and suffering, loss of the enjoyment of life and violation of his constitutional rights.

30. At all times relevant, the individual defendants acted with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being, intentionally, willfully, maliciously and negligently.

### FIRST CLAIM FOR RELIEF FOR THE VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

31. Plaintiff repeats the allegations of paragraphs 1-30 as if fully set forth herein.

32. By the actions described above, the individual defendants were deliberately indifferent to a known risk of harm to Thomas Devoe, thereby subjecting or causing decedent to be subjected to deprivation of his rights under the United States Constitution.

33. As a consequence thereof, plaintiff has been injured.

### SECOND CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE NEW YORK STATE CONSTITUTION

34. Plaintiff repeats the allegations of paragraphs 1-30 as if fully set forth herein.

35. By the actions described above, the individual defendants were deliberately indifferent to a known risk of harm to Thomas Devoe, thereby subjecting or causing decedent to be subjected to deprivation of his rights under the United States Constitution.

36. As a consequence thereof, plaintiff has been injured.

### THIRD CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

37. Plaintiff repeats the allegations of paragraphs 1-30 as if fully set forth herein.

38. The JOHN DOE defendants, or some of them, failed to intervene to prevent, end, or report the conduct to which decedent was subjected despite that they had reasonable opportunities to do so.

39. Each defendant thereby displayed deliberate indifferent to a known risk of harm to Thomas Devoe, thereby subjecting or causing decedent to be subjected to deprivation of his rights under the United States Constitution.

40. As a consequence thereof, plaintiff has been injured.

### FOURTH CLAIM FOR RELIEF AGAINST "JOHN DOE" DEFENDANTS FOR IMPROPER SUPERVISION OF SUBORDINATES

41. Plaintiff repeats the allegations of paragraphs 1-30 as if fully set forth herein.

42. The JOHN DOE defendants, or some of them, are employed by the New York City Department of Correction in a supervisory capacity with, among other things, responsibility for and supervision of the conduct of defendant JANE DOE.

43. These JOHN DOE defendants failed to properly supervise their subordinates or to otherwise take action to prevent decedent's suicide.

44. As a consequence thereof, plaintiff has been injured.

### FIFTH CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER NEW YORK STATE CORRECTION LAW

45. Plaintiff repeats the allegations of paragraphs 1-30 as if fully set forth herein.

46. By the actions described above, the individual defendants deprived the plaintiff of rights secured under New York State Correction Law sections 500-k and 137(5).

47. As a consequence thereof, plaintiff has been injured.

### SIXTH CLAIM FOR RELIEF FOR NEGLIGENCE
### AND CONSCIOUS PAIN AND SUFFERING

48. Plaintiff repeats the allegations of paragraphs 1-30 as if fully set forth herein.

49. The acts, omissions and injuries complained of herein resulted from defendant City of New York, through its agents and employees, breaching its duty of care owed to Thomas Devoe and breaching its duty properly to assign, train or supervise its Correction Department personnel. Defendant City's agents and employees failed and refused to use such care in the performance of their duties as reasonably prudent law enforcement employees would have used under similar circumstances.

50. The City's failure properly to assign, train or supervise its Correction personnel, including the employees involved herein, constitutes acquiescence in and tolerance of ongoing neglect of inmates deemed suicidal and created the atmosphere allowing the individual defendants to believe that they could with impunity unlawfully neglect the duty owed to Mr. Devoe and to two Criminal Court orders.

51. As a consequence thereof, plaintiff has been injured.

### SEVENTH CLAIM FOR RELIEF AGAINST THE CITY
### OF NEW YORK FOR VIOLATING PLAINTIFF'S
### RIGHTS UNDER THE UNITED STATES CONSTITUTION

52. Plaintiff repeats each allegation of paragraphs 1-30 as though fully stated herein.

53. New York City policymakers knew to a moral certainty that that the Department of Correction and its employees are responsible for the care, custody and control of inmates, including inmates who have been deemed suicidal. New York City policymakers knew to a moral certainty that the Correction Department and its employees would be faced again and again with direct responsibility for the care and protection of suicidal inmates.

54. The acts and omissions and resulting injuries complained of herein resulted from the failure of defendant City of New York, through its policymakers, to establish and maintain adequate inmate suicide prevention policy, protocol and practice. The City's failed policies, protocols and practices resulted in six inmate suicides in as many months and were deliberately indifferent to the known risk of harm to Thomas Devoe and other inmates deemed suicidal.

55. This failure created the atmosphere allowing the individual defendants to believe that they could with impunity unlawfully neglect the duty owed to Mr. Devoe and to two Criminal Court orders.

56. As a consequence thereof, plaintiff has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:
1. A declaration that plaintiffs' rights under the Fourteenth Amendment of the United States Constitution were violated;
2. A declaration that plaintiffs' rights under the New York State Constitution were violated;
3. A declaration that plaintiffs' rights under New York State Correction Law sections 500-k and 137(5) were violated;

(B) Compensatory damages in an amount to be fixed at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorney's fees under 42 U.S.C. §1988; and

(F)  Such other and further relief as this Court may deem just and proper.

Dated: September 8, 2004
   Brooklyn, New York

            Law Offices of Matthew Flamm
            Attorney for Plaintiffs

            By: Matthew Flamm **MF1309**
            26 Court Street, Suite 600
            Brooklyn, New York  11242
            (718) 797-3117